■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAINE ROSARIO, Appellant. [909 NYS2d 364]—

Judgment, Supreme Court, New York County (Daniel P. Conviser, J.), rendered May 11, 2009, convicting defendant, after a jury trial, of criminal possession of a weapon in the fourth degree, and sentencing him to a term of three years' probation with five days' community service, unanimously affirmed.

The court properly denied defendant's application pursuant to *Batson v Kentucky* (476 US 79 [1986]). Defendant failed to

meet his burden of establishing that the prosecutor's facially race-neutral reasons for peremptorily challenging a prospective juror were pretextual (*see People v Payne*, 88 NY2d 172, 181 [1996]), and the record supports the court's finding of nonpretextuality, which is entitled to great deference (*see People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352 [1991]). We reject defendant's arguments that the prosecutor's uneasiness about his perception that the prospective juror was excessively pro-prosecution was such an "absurd" reason as to not even be considered race-neutral, and that it was at least pretextual. The prosecutor had an ethical duty "to see that justice is done" and "must deal fairly with the accused" (*People v Steadman*, 82 NY2d 1, 7 [1993]). The record fails to support defendant's claim that the prosecutor disparately treated a similarly situated panelist on the basis of race, since "[t]here were significant differences in the responses of the panelists and their demeanor" (*People v Turner*, 294 AD2d 192, 192 [2002], *lv denied* 98 NY2d 732 [2002]). We also reject defendant's contention that the prosecutor gave "highly suspect" reasons for certain other peremptory challenges to which defendant does not directly object on appeal. Concur—Tom, J.P., Friedman, Catterson, Renwick and Manzanet-Daniels, JJ.